## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ANA MARIA GARCIA RAMIREZ,

       Petitioner,

v.                                    No. 2:26-cv-00998-DHU-JFR

FNU LNU, Warden, Otero County Processing Center;
MARY DE ANDA-YBARRA, El Paso Field
Office Director, ICE Enforcement and Removal
Operations; TODD LYONS, Acting Director, U.S.
Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S. Department
of Homeland Security; and PAMELA JO BONDI, Attorney
General United States,

       Respondents.

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Ana Maria Garcia Ramirez's First Amended Petition for Writ of Habeas Corpus ("Petition"). Doc. 4. Having considered the parties' briefs, the record, and the relevant law, the Court **GRANTS IN PART** the Petition, and orders Respondents to provide Petitioner with a bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a) within seven (7) days.

Petitioner is a native and citizen of Mexico who entered the United States without inspection around March 2004. *Id.* ¶ 49. On August 4, 2025, Petitioner was arrested for Driving While Intoxicated with a Child Under 15 ("DWI") and placed in state custody. *Id.* ¶ 3; Doc. 9-2 at 3. On November 22, 2025, following resolution of the DWI charge, Petitioner was transferred to Immigration and Customs Enforcement ("ICE") for immigration custody, issued a Notice to Appear, which charges her as a noncitizen present in the United States without being admitted or paroled, and placed in removal proceedings. Doc. 4 ¶¶ 51-52; Doc. 9-1 at 1. She is currently

1

detained at the Otero County Processing Center, in Chaparral, New Mexico. Doc. 4 ¶ 52. While detained, Petitioner filed an Application for Cancellation of Removal with the Otero Immigration Court, which remains pending. *Id.* ¶¶ 53-54.

On April 6, 2026, Petitioner filed the instant Petition, arguing that her detention without a bond hearing violates the Immigration and Nationality Act (INA) and the Due Process Clause. *Id.* ¶¶ 93-106, 140-47.[1] She requests a Writ of Habeas Corpus ordering Respondents to immediately release her from custody, or, alternatively, that this Court conduct a bond hearing within seven (7) days. *Id.* at 63-64. Petitioner also requests that the Court award her attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). *Id.* at 64.

On April 17, 2026, Respondents filed a response to the Petition. Doc. 9. Respondents position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) based on the plain language of that statute. *Id.* at 3. Respondents, however, concede that the facts of this case are "substantially similar" to *Requejo Roman v. Castro*, 816 F.Supp.3d 1267 (D.N.M. 2026), and that "this Court's decision in *R[e]quejo Roman* . . . would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.*

As Respondents correctly concede, this Court has already considered the statutory and constitutional issues raised by Petitioner in this case. *See Requejo Roman v. Castro*, 816 F.Supp.3d

---

[1] Petitioner also argues that her detention violates the Administrative Procedure Act ("APA"), the Equal Protection Clause of the Fifth Amendment, and the Suspension Clause. *Id.* ¶¶ 148-69, 171-202. Petitioner also alleges that she is a class member entitled to a bond hearing pursuant to the final judgment entered in the class action suit, *Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). *Id.* ¶¶ 203-12. However, because the Court grants Petitioner's Habeas Petition on her INA and Due Process claims, the Court "decline[s] to address th[ese] remaining claims of error." *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

1267. Following this Court's decision in *Requejo Roman*, as well as the decisions of the vast majority of federal courts in the Tenth Circuit that have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary detention under § 1226 and are entitled to a bond hearing.[2] Petitioner, who entered the United States over twenty-two years ago, is properly detained pursuant to § 1226 and, therefore, entitled to a bond hearing. Respondents' misclassification of Petitioner under § 1225 and the resultant denial of a bond hearing deprived her of her due process rights. To ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. For a detailed account of the Court's reasoning relevant to its decision, see *Requejo Roman*, 816 F.Supp.3d 1267.

Accordingly, Petitioner's First Amended Petition for Writ of Habeas Corpus (Doc. 4) is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner an individualized bond hearing before a neutral IJ within **seven (7) days** of entry of this Order. If Petitioner does not receive such a hearing on or before Monday, June 15, 2026, she shall be immediately released. At the bond hearing, the assigned IJ is hereby ordered to first turn to the Government, who shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a

---

[2] The Court notes that the Second, Sixth and Eleventh Circuit Court of Appeals have analyzed this issue and reached the same conclusion. *See Barbosa da Cunha v. Freden*, -- F.4th--, 2026 WL 1146044 (2nd Cir. 2026); *Lopez-Campos v. Raycraft*, --F.4th--, 2026 WL 1283891 (6th Cir. 2026); *Hernandez Alvarez v. Warden*, -- F.4th--, 2026 WL 1243395 (11th Cir. 2026). The Court also acknowledges that the Fifth Circuit and Eight Circuit Court of Appeals have reached the opposite conclusion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, --F.4th--, 2026 WL 819258 (8th Cir. 2026). The Tenth Circuit Court of Appeals has not yet addressed the issue.

danger to the community to justify continued detention. If the IJ determines that the Government has met its burden, the IJ may then turn to Petitioner for his arguments. The assigned IJ is also hereby ordered not to consider, deny bond, or otherwise rely on *Matter of Hurtado*.

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court no later than Tuesday, June 16, 2026, confirming whether a bond hearing was held and the result of said hearing.

**IT IS FURTHER ORDERED** that Petitioner may submit an application for fees and costs pursuant to the EAJA within thirty (30) days of this Order. Respondents may respond to Petitioner's application no later than fourteen (14) days after the application is filed with the Court.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE